# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Tobias Price, <br><br> Plaintiff, <br><br> v. <br><br> The Suites, et al., <br><br> Defendants. | Case No. 2:21-cv-01438-JAD-DJA <br><br> **Order** |

Plaintiff Tobias Price has moved a second time to extend the deadline by which he must file an amended complaint, deliver his USM-285 forms to the US Marshals Service, and to serve Defendants. (ECF No. 12). After the Court screened his complaint, it ordered that Plaintiff had until January 7, 2022 to send the U.S. Marshals Service the required Form USM-285 and to file an amended complaint. (ECF No. 5 at 10). Plaintiff requested to extend those deadlines, which request the Court granted, extending the deadline to Monday, February 7, 2022. (ECF No. 9). The deadline by which Plaintiff was required to serve Defendants remained March 17, 2022. (*Id.* at 2).

Plaintiff missed both deadlines, filing the instant motion to extend on March 22, 2022. (ECF No. 12). He explains that he was released from the Wyoming Correctional Facility in Attica, New York on February 1, 2022 and is now residing in Buffalo, New York under supervision. (*Id.*). He adds that he has yet to gain residence and is living in a homeless shelter. (*Id.*).

Under Local Rule IA 6-1(a), a motion to extend time made after the expiration of a specified period will not be granted unless the movant demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect. LR IA 6-1(a). Under Local Rule 26-3, a motion to extend must also be supported by a showing of good cause. LR 26-

3. Finally, courts liberally construe *pro se* filings. *See Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

The Court grants Plaintiff's motion to extend the time for him to send the US Marshals Service the required Form USM-285, to serve Defendants, and to file his amended complaint. Plaintiff has demonstrated good cause and excusable neglect. Shortly before his deadlines expired, Plaintiff was released from prison, moved to a new city, and was occupied with finding housing. Nonetheless, he has moved to extend his deadlines within a reasonable time after they expired. The Court thus grants Plaintiff an additional twenty-one days in which to send the US Marshals Service the required Form USM-285[1] and to file his amended complaint.[2] The Court grants Plaintiff an additional ninety days to serve the Defendants against whom Plaintiff's claims are proceeding.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for an extension (ECF No. 12) is **granted**.

- The Clerk of Court is kindly directed to deliver a copy of the complaint, a copy of the summons, and a copy of this order to the US Marshals Service.
- Plaintiff shall have until **Thursday, April 14, 2022** in which to send the U.S. Marshals Service the required Form USM-285, which can be found on the US Marshals Service website at https://www.usmarshals.gov/process/usm285.htm.
- Within twenty-one days after receiving a copy of the Form USM-285 back from the U.S. Marshals Service showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the defendant was

---

[1] Plaintiff has attached two USM-285 forms to his motion to extend. (ECF No. 12 at 3-4). However, Plaintiff must send his forms to the US Marshal Service, rather than filing them on the docket.

[2] Plaintiff has attached what appears to be his amended complaint to his motion. (ECF No. 12 at 35-39). To the extent Plaintiff wishes to file an amended complaint, he must file it on the docket in a separate filing.

served.  If Plaintiff wishes to have service again attempted on an unserved defendant, the Plaintiff must file a motion with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant or whether some other manner of service should be attempted.

- Plaintiff shall also have until **Thursday, April 14, 2022** to file his amended complaint to the extent he believes he can correct the noted deficiencies.  If Plaintiff chooses to amend his complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete.  This is because, generally, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

- Plaintiff shall have until **Wednesday, June 22, 2022** to serve the Defendants against whom his claims are proceeding.

DATED: March 24, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE