UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Tobias Price,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>The Suites, et al.,<br><br>　　　　　　Defendants. | Case No. 2:21-cv-01438-CDS-DJA<br><br>**Order** |

　　　　Plaintiff Tobias Price has moved a third time to extend the deadline by which he must deliver his USM-285 forms to the US Marshals Service (USMS) and to serve defendants. (ECF No. 17). After the Court screened his complaint, it ordered that Plaintiff had until January 7, 2022 to send the USMS the required Form USM-285 and to file an amended complaint. (ECF No. 5 at 10). Plaintiff requested to extend those deadlines twice, which requests the Court granted. (ECF Nos. 9, 13).

　　　　After Plaintiff missed his deadlines, he filed the instant motion to extend his service deadlines.[1] (ECF No. 17). He explains that he sent the USMS his USM-285 forms, but they were returned because the "United States Marshal Civil Process Clerk failed to notice" that Plaintiff's deadline had been extended. (*Id.*). Plaintiff attaches the letter he received from the USMS. (*Id.* at 2). But that letter explains that the reason the USMS could not complete service was because Plaintiff's USM-285 forms were "missing documents such as the summons for the

---

[1] Plaintiff has not moved to extend the time by which he must file an amended complaint. Because Plaintiff has not amended his complaint to correct its deficiencies or to name Doe defendants, his only active claim is his 42 U.S.C. § 1983 claim against Defendant Officer Cameron Michael Sims for violations of his Fourth and Fourteenth Amendment rights and violations of federal and Nevada extradition statutes. (ECF No. 5 at 9).

defendant with the clerk of the court signature [and the] order from the United States District Court directing US Marshals to serve the process." (*Id.*).

Under Local Rule IA 6-1(a), a motion to extend time made after the expiration of a specified period will not be granted unless the movant demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect. LR IA 6-1(a). Under Local Rule 26-3, a motion to extend must also be supported by a showing of good cause. LR 26-3. Finally, courts liberally construe *pro se* filings. *See Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

The Court grants Plaintiff's motion to extend the time for him to send the USMS the required Form USM-285, to serve Defendant Sims.[2] This will be the last extension of time for service. Plaintiff has cited the good cause and excusable neglect standards, explaining that the USMS did not know his deadline was extended when it returned his USM-285 forms. However, it appears that Plaintiff has mis-read the letter from the USMS. The Court understands that service is complicated and construes Plaintiff's confusion as excusable neglect. The Court thus grants Plaintiff an additional twenty-one days to send the USMS the required Form USM-285 for service on Defendant Sims. The Court grants Plaintiff an additional ninety days to complete service. To clarify, Plaintiff need not include summons or the complaint with his USM-285 forms. The Court will order these forms sent to the USMS.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for an extension (ECF No. 17) is **granted**.

- The Clerk of Court is kindly directed to deliver a copy of the complaint, a copy of the summons, and a copy of this order to the USMS.

---

[2] Because Plaintiff has not amended his complaint to identify any Doe defendants, at this time, he can only attempt service on Defendant Sims.

- The Clerk of Court is kindly directed to mail Plaintiff a copy of the Form USM-285 along with its instructions.[3]
- Plaintiff shall have until **August 8, 2022** to send the USMS the required Form USM-285.
- Within twenty-one days after receiving a copy of the Form USM-285 back from the USMS showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the defendant was served.  If Plaintiff wishes to have service again attempted, the Plaintiff must file a motion with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant or whether some other manner of service should be attempted.
- Plaintiff shall have until **October 17, 2022** to accomplish service.

DATED: July 18, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[3] This form can also be found on the USMS website at https://www.usmarshals.gov/process/usm285.htm.