# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Tobias Price,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Cameron Michael Sims,<br><br>　　　　　　Defendant. | Case No. 2:21-cv-01438-CDS-DJA<br><br>**Order** |

　　　　This is a civil rights action arising out of Plaintiff's allegation that Defendant Las Vegas Metropolitan Police Department Officer Cameron Michael Sims searched Plaintiff's apartment without probable cause or a warrant. Plaintiff moves to extend discovery deadlines (ECF No. 45), to compel discovery (ECF No. 46), for a protective order preserving discovery (ECF No. 47), for a Rule 35 physical and mental examination (ECF No. 48), for a protective order (ECF No. 49), and for a subpoena (ECF No. 50). Defendant moves to extend the discovery plan. (ECF No. 65). And Plaintiff moves for sanctions. (ECF No. 68).

　　　　Because the Court finds a brief extension appropriate, but not the parties' specific proposed extensions, it grants in part and denies in part Plaintiff and Defendant's motions to extend. (ECF No. 45, 65). Because the Court finds Plaintiff's motions to be without merit, it denies his motion to compel, motions for protective order, motion for a physical and mental examination, and motion for sanctions. (ECF Nos. 46, 47, 50, 68). Because the Court finds that Plaintiff is seeking a subpoena to serve on at least one third party, it grants his motion for a subpoena. (ECF No. 50).

I. **Discussion.**

    A. ***Plaintiff and Defendant's motions to extend the discovery plan (ECF Nos. 45, 65).***

Plaintiff moves to extend the discovery cutoff for thirty days. (ECF No. 45). He explains that he has struggled to keep up with the deadlines given his *pro se* status and because "getting almost evicted from [his] place of residence where [he is] presently living here in Nevada" has diverted his focus from the case. Plaintiff filed his motion on August 8, 2023. However, his motion is dated July 6, 2023. Discovery closed on August 9, 2023. (ECF No. 42). And although Plaintiff asserts that he lives in Nevada, the address on his motion is in New York. Defendant responds that Plaintiff has not been diligent because Plaintiff has failed to respond to any of Defendant's discovery requests and has failed to propound his own discovery requests but waited until the last minute to extend discovery. (ECF No. 53). Defendant adds that it has received no contact from Plaintiff since the parties entered their discovery plan. Plaintiff did not file a reply.

Defendant also moves to extend the dispositive motion deadline, but does not seek to extend discovery. (ECF No. 65). The deadline to file dispositive motions ended on September 8, 2023. (ECF No. 42). Defendant explains that, because Plaintiff filed four discovery motions right before the discovery cutoff deadline, the outcome of those motions has the potential to invalidate any dispositive motion that Defendant might file. Defendant thus requests that the Court extend the dispositive motion deadline so that Defendant can file its motions after the Court considers Plaintiff's discovery motions. Plaintiff responds and acknowledges that "Defendant could not have predicted that Plaintiff would file six (6) discovery motions on the day before the discovery deadline." (ECF No. 66 at 3). But Plaintiff nonetheless opposes the motion, stating "the failure by Defendant[] to anticipate these late filings is their own fault…I believe the Court should encourage everyone to follow the rules and be prepared on time and Defendant[']s lack of preparation shouldn't be an excuse to get more time…" (*Id.* at 4-5). Defendant replies and argues that granting the extension would benefit judicial economy because it would prevent the Court from being forced to adjudicate more than one set of dispositive motions. (ECF No. 67).

Under Nevada Local Rule 26-3, all motions to extend a discovery deadline must be supported by good cause.  The good cause standard primarily considers the diligence of the party seeking the extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 699 (9th Cir. 1992).  The court has broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  The court must also liberally construe *pro se* filings. *Ali v. City of North Las Vegas*, No. 2:15-cv-02171-KJD-GWF, 2018 WL 493007, at *1 (D. Nev. Jan. 19, 2018).  However, liberal construction of *pro se* pleadings does not excuse *pro se* litigants from adhering to the rules of procedure. *Id.*

The Court grants in part and denies in part both Plaintiff's motion to extend time and Defendant's and will extend the discovery deadline and the deadline to file dispositive motions. Although Plaintiff's motion to extend contains inconsistencies and does not explain how he was diligent in seeking discovery, the Court liberally construes his motion and takes note of the difficulties facing *pro se* litigants.  However, Plaintiff's insistence that the Court strictly follow its schedule to Defendant's detriment—despite Plaintiff filing six motions on the eve of discovery and seeking to extend time for his own benefit—is not well taken.  The Court extends the discovery deadline and deadlines following it for thirty days from the date of this order.

    **B.**  ***Plaintiff's motion to compel (ECF No. 46).***

Plaintiff moves to compel Defendant to produce evidence.  (ECF No. 46).  However, it is unclear from Plaintiff's motion and reply (ECF No. 62) whether he has served discovery requests under Federal Rules of Civil Procedure 33 (interrogatories), 34 (requests for production), or 36 (requests for admission) on Defendant.  Plaintiff also fails to include any certification that he met and conferred in good faith with Defendant to obtain the information without court action as required under Federal Rule of Civil Procedure 37(a)(1) and Nevada Local Rule 26-6(c).  The Court thus denies Plaintiff's motion.

    **C.**  ***Plaintiff's motions for protective order (ECF Nos. 47, 49).***

Plaintiff moves for a protective order "to preserve evidence."  (ECF No. 47).  Plaintiff explains that he is bringing his motion under Federal Rule of Civil Procedure 26(c).  Plaintiff argues without support that he believes evidence is in danger of being lost or destroyed.  Plaintiff

also requests that Defendant produce the names of witnesses. However, Federal Rule of Civil Procedure 26(c) addresses protective orders to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, not to preserve evidence. Additionally, Defendants are already under a duty to preserve evidence, which arises when a party has some notice that the evidence may be relevant to the litigation or potential litigation. *See Morris v. Cal. Dept. of Corrections and Rehabilitation*, No. CV 07-5954-JFW (CWx), 2008 WL 11340255, at *2 (C.D. Cal. July 31, 2008) (citing U.*S. v. Kitsap Physicians Service*, 314 F.3d 995, 1001 (9th Cir. 2002)). And to the extent Plaintiff seeks witness names, he can request those in a discovery request. The Court thus denies Plaintiff's motion for a protective order. (ECF No. 47).

Plaintiff also moves for a protective order explaining that he "will file this motion for protective order if the opposing partie[s] specify certain discovery request[s] that might be overly burdensome, invasive, or seek constant lack of relevance to the case…" (ECF No. 49). Plaintiff specifically seeks protection from requests regarding his prior criminal history, social media, and mental health history. Plaintiff also asks the Court to enter a protective order to protect confidential information. However, Federal Rule of Civil Procedure 26(c) requires that the moving party make a particularized showing of Rule 26(c)(1)'s enumerated harms. *See Folz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003). Here, all of Plaintiff's purported harms are speculative because he does not identify any particular discovery request or confidential information. Instead, Plaintiff is seeking a preemptive protective order *in case* Defendant propounds a request that Plaintiff finds burdensome. Because Plaintiff has not made a particularized showing, the Court denies his motion for protective order. (ECF No. 49).

### D. *Plaintiff's motion for a Rule 35 exam.*

Plaintiff moves for Defendant to undergo a Federal Rule of Civil Procedure 35 physical and mental examination. (ECF No. 48). Plaintiff argues that Defendant's mental state is in controversy because, in answering the complaint, Defendant explained that he was without sufficient facts or information to admit to the truth or falsity of certain allegations. Plaintiff took this to mean that the Defendant did not remember the incident giving rise to Plaintiff's complaint. However, Defendant's responses that he lacked the facts or information to admit or deny certain

allegations in Plaintiff's complaint neither indicates that Defendant does not remember the incident nor does it place Defendant's mental or physical condition in controversy as required by Federal Rule of Civil Procedure 35(a)(1). The Court denies Plaintiff's motion. (ECF No. 48).

### E. Plaintiff's motion for a subpoena (ECF No. 50).

Plaintiff moves for issuance of a subpoena under Federal Rule of Civil Procedure 45. (ECF No. 50). Defendant responds and interprets Plaintiff's motion as a request for a subpoena to serve on Defendant. (ECF No. 63). Interpreting the motion this way, Defendant argues that Plaintiff's subpoena is inadequate under Federal Rule of Civil Procedure 45 because it does not identify the party from which Plaintiff seeks information or provide a reasonable time limit to produce the information.

The Court does not interpret Plaintiff's motion as seeking a subpoena only from Defendant. To the extent Plaintiff is seeking to subpoena Defendant, Plaintiff is reminded that the proper way to request documents from a party is to serve requests under Federal Rule of Civil Procedure 34. Subpoenas—governed by Federal Rule of Civil Procedure 45—are typically used to obtain discovery from a non-party. *See Guardado v. Nevada*, No. 2:17-cv-00879-JCM-PAL, 2021 WL 1234504, at *1 (D. Nev. Apr. 1, 2021). Rule 45 subpoenas must not be used to circumvent the requirements of Rule 34. *See Casun Invest, A.G. v. Ponder*, No. 2:16-cv-02925-JCM-GWF, 2019 WL 2358390, at *4 (D. Nev. June 4, 2019). "If the documents are available from a party, a request for production under Rule 34 should be used." *Id.*

However, Plaintiff's motion identifies documents that other, third parties might have. In the event Plaintiff is seeking to subpoena a non-party, his request would be proper. Additionally, under Federal Rule of Civil Procedure 45(a)(3), "[t]he clerk *must* issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must compete it before service." (emphasis added). Plaintiff does not specify how many subpoenas he seeks or the parties on which he seeks to serve them. However, because of the mandatory language in the statute, the Court will grant Plaintiff's motion and issue one subpoena to Plaintiff. In the event Plaintiff requires additional subpoenas, he must identify the entities or persons on which he intends to serve them so that the Court can issue the correct number of subpoenas. Finally, Plaintiff is

reminded that under Federal Rule of Civil Procedure 45(a)(4), "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."

### F.   Plaintiff's motion for sanctions (ECF No. 68).

Plaintiff moves for sanctions, arguing that Defendant has been dilatory in responding to Plaintiff's discovery requests. (ECF No. 68). Specifically, Plaintiff argues that he propounded interrogatories, requests for production, and requests for admission on Defendant on August 8, 2023, one day before the discovery cutoff and that "[t]wenty four hours should have been enough time for a professional to respond." Defendant responds that it did not receive any contact from Plaintiff until August 9, 2023, when Plaintiff served his discovery requests and several motions. (ECF No. 71). Defendant adds that Federal Rule of Civil Procedure 37 under which Plaintiff moves does not provide for sanctions for delayed responses to discovery requests. Instead, it provides a method by which a party may move to compel and, depending on the outcome of that motion to compel, be entitled to sanctions. *See* Fed. R. Civ. P. 37(a)(3)(B); (a)(5)(A).

Defendant has the better argument here and the Court denies Plaintiff's motion for sanctions. The Court does not find that Defendant was dilatory in responding to Plaintiff's discovery requests such that sanctions are warranted. Again, Plaintiff's argument that "twenty four hours should have been enough time" when it was Plaintiff who caused the rush by waiting until the last minute to serve discovery is not well taken. And Defendant is correct that Federal Rule of Civil Procedure 37 does not provide for the type of sanctions—for delay alone—that Plaintiff seeks.

///

///

///

**IT IS THEREFORE ORDERED** that Plaintiff's motion to extend time (ECF No. 45) and Defendant's motion to extend time (ECF No. 65) are **granted in part and denied in part**. The Court grants the motions to the extent they seek extensions. The Court denies the motions regarding the specific extensions they seek and will instead enter its own deadlines. The following deadlines shall govern discovery:

| | |
|---|---|
| Discovery cutoff: | October 23, 2023 |
| Dispositive motions: | November 22, 2023 |
| Pretrial order: | December 22, 2023 |

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel (ECF No. 46) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motions for protective orders (ECF Nos. 47, 49) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for a Rule 35 exam (ECF No. 48) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for a subpoena (ECF No. 50) is **granted.** The Clerk of Court is kindly directed to issue **one** subpoena, signed, but otherwise in blank to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's motion for sanctions (ECF No. 68) is **denied.**

DATED: September 22, 2023

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE