# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| Tobias Price, | Case No. 2:21-cv-01438-CDS-DJA |
| Plaintiff, | |
| v. | **Order** |
| Cameron Michael Sims, | |
| Defendant. | |

Before the Court is Plaintiff's motion to enforce a subpoena to The Suites, a former Defendant in this action. (ECF No. 73). No party responded to the motion. However, it does not appear that Plaintiff served a proper subpoena on the Suites.[1] The Court thus denies Plaintiff's motion without prejudice and will require the Clerk's office to re-issue a subpoena.

Plaintiff asserts that, after the Court granted his motion for a subpoena, he served the subpoena on The Suites on October 11, 2023, stating "[a] proof of service, and confirming the proper service of the subpoena, is attached herewith." (*Id.* at 4). However, Plaintiff did not attach a proof of service to his motion.[2] And it appears that no subpoena issued following the Court's order.[3] (ECF No. 72).

---

[1] Federal Rule of Civil Procedure 45 governs subpoenas and serving subpoenas.

[2] It appears that Plaintiff may have been attempting to serve The Suites by filing his motion, which contains the topics of his subpoena, on the docket. But service via the Court's docket is not proper under Federal Rule of Civil Procedure 45(b).

[3] That order stated "under Federal Rule of Civil Procedure 45(a)(3), '[t]he clerk *must* issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service.' (emphasis added)....because of the mandatory language in the statute, the Court will grant Plaintiff's motion and issue one subpoena to Plaintiff...The Clerk of Court is kindly directed to issue **one** subpoena, signed, but otherwise in blank to Plaintiff." (ECF No. 72 at 5, 7) (emphasis in original).

The Court notes that discovery closed on October 23, 2023. (ECF No. 72 at 7). Plaintiff did not move to extend discovery, but filed the instant motion before the cutoff, on October 11, 2023. The Court thus liberally construes Plaintiff's motion as requesting an extension of discovery for the sole purpose of Plaintiff's subpoena to the Suites. The Court grants this extension for three reasons: (1) no subpoena issued following the Court's order, which was out of Plaintiff's control; (2) Plaintiff filed his motion before the discovery cutoff, meaning that the good cause standard applies under Federal Rule of Civil Procedure 6(b)(1) and LR IA 2-3; and (3) no party responded to Plaintiff's motion to raise concerns with the discovery deadline.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to enforce subpoena (ECF No. 73) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to issue **one** subpoena, signed, but otherwise in blank to Plaintiff.

**IT IS FURTHER ORDERED** that discovery is extended until **February 2, 2024** *only* to accommodate Plaintiff's subpoena to The Suites.

DATED: January 3, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE