UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Tobias Price,<br><br>    Plaintiff<br><br>v.<br><br>Cameron Michael Sims,<br><br>    Defendant | Case No. 2:21-cv-01438-CDS-DJA<br><br>**Order Granting Defendant's Motion for Summary Judgment, Denying Plaintiff's Motion for Summary Judgment**<br><br>[ECF Nos. 74, 79] |

  This is a § 1983 action brought by pro se plaintiff Tobias Price. The parties have filed competing motions for summary judgment. ECF Nos. 74; 79. Defendant Cameron Sims, an officer with the Las Vegas Metropolitan Police Department ("LVMPD"), argues summary judgment in his favor is appropriate because (1) Price fails to clarify if he is suing Sims in his individual or personal capacity and § 1983 suits against officers in their individual capacities are not permitted; (2) Price cannot prove that Sims personally participated in any alleged violation of Price's Fourth or Fourteenth Amendment rights; and (3) Sims is entitled to qualified immunity. *See generally* ECF No. 74. In his motion, Price argues he is entitled to summary judgment because (1) there was no probable cause to arrest him on July 27, 2019, (2) it was improper for the arresting officers to rely on an electronic notice that there was a warrant for his arrest, and (3) it was improper for officers to rely on information allegedly provided by confidential informants that led to his arrest. *See generally* ECF No. 79. For the reasons set forth herein, I grant Sims' motion for summary judgment and deny Price's motion for summary judgment.

I.  **Relevant background information**

  This action arises from Price's arrest by LVMPD officers on July 27, 2019. *See generally*, Compl., ECF No. 6. In his complaint,[1] Price alleges that security officers from "The Suites," the

---

[1] The court cites to the complaint to provide context to the allegations only. Any citation or summary of the allegations set forth in the complaint do not serve as a finding of facts.

apartment complex that he, his girlfriend, and her daughter, were residing in at the time, improperly searched his apartment for a purported "leak." *Id.* at 7. Price alleges that he asked the guards to leave after he found one looking through his medicine cabinet, which they refused to do. *Id.* Price also claims that another guard entered a bedroom even after being asked not to do so because his girlfriend's daughter was sleeping inside. *Id.* at 8. He further claims that he and his girlfriend asked the officers if they had a warrant to search his apartment. *Id.* Neither security guard answered the question, but one of the guards responded that they were following apartment complex's policies. *Id.*

Thereafter, Price claims he left the apartment to lodge a complaint with The Suites management office but was unable to do so because as soon as he stepped outside of the apartment, he was taken into custody by LVMPD officers, one of which was defendant-Officer Cameron Sims. *Id.* Price alleges that after he was taken into custody, officers conducted a warrantless search of his apartment and car. *Id.* at 9.

Price also makes numerous allegations about what happened to him during the booking process. First, Price alleges he refused to provide a sample of his DNA without a warrant, and that officers threatened to beat him if he did not provide the sample. *Id.* at 9–10. Second, Price alleges that a blood sample and a saliva sample were taken from him. *Id.* at 10. Third, an LVMPD employee advised Price that he was arrested on a warrant out of the state of New York. 9–10. Finally, Price alleges he was held in custody in Nevada for eighteen days before he was extradited to New York. *Id.* at 17-18.

As a result of the foregoing, Price filed this action under 42 U.S.C. § 1983 against numerous defendants, including two Doe security guards, The Suites, Officer Sims, Doe LVMPD officers who searched his apartment, LVMPD Sheriff Joe Lombardo, and the Doe LVMPD employees, the Doe LVMPD nurse, and the Doe LVMPD officer who took DNA samples from him. *See generally id.* The complaint was screened by Magistrate Judge Daniel J. Albregts pursuant to 28 U.S.C. § 1915. Screening Order, ECF No. 5. Judge Albregts recommended dismissing Price's

following claims without prejudice: (1) his § 1983 claims alleging Fourth Amendment violations against Doe security guards and The Suites; (2) his claim of intentional infliction of emotional distress claim against Doe security guards, The Suites, and Doe LVMPD; (3) his negligent hiring, training, and supervision claim against The Suites; and (4) his respondeat superior claim against The Suites.[2] *Id.* at 9. Price's § 1983 claims against Officer Sims and Doe LVMPD officers for alleged violations of his Fourth and Fourteenth Amendment rights, and for alleged violations of federal and Nevada extradition statutes, were allowed to proceed. *Id.* Price's § 1983 claim against Doe LVMPD employees, the Doe LVMPD nurse, and the Doe LVMPD officer for alleging violating his Fourth Amendment rights by taking a sample of his DNA was also permitted to proceed. *Id.* Price was given 21 days to file an amended complaint to amend any of the deficiencies identified in the screening order. *Id.* at 10.

      Price filed two motions to extend the time to file an amended complaint (ECF Nos. 8; 12), both of which were granted. Orders, ECF Nos. 9; 13. Ultimately, Price did not file an amended complaint. As a result, the remaining claims are his § 1983 claim against Officer Sims and Doe LVMPD officers for alleged violations of his Fourth and Fourteenth Amendment rights, the alleged violations of federal and Nevada extradition statutes, and the § 1983 claim against Doe LVMPD employees, the Doe LVMPD nurse, and the Doe LVMPD officer for alleged violations of his Fourth Amendment rights for taking a sample of his DNA.

## II.    Legal Standard

      The legal standard governing summary judgment is well settled. A party is entitled to summary judgment when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56. An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Soremekun v. Thrifty Payless, Inc.*, 509

---

[2] Permission to amend his respondent superior claim was narrowed to permitting him to amend to permit a new cause of action, as opposed to another theory of liability. ECF No. 5 at 9.

F.3d 978, 984 (9th Cir. 2007). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish a genuine dispute. *Soremekun*, 509 F.3d at 984. When considering a motion for summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014).

Summary judgment proceeds in a burden-shifting step analysis. The burden starts with the moving party. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'... In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). But the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475 U.S. at 587. Rather, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex Corp.*, 477 U.S. at 324.

Further, for summary judgment motions where the moving party will bear the ultimate burden of proof at trial, such as Price's cross-motion for summary judgment here, Price, as the plaintiff, bears the burden of proof on all essential elements of his claims. *S. California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003). He also has the initial burden of demonstrating the absence of a "genuine issue of material fact for trial." *Anderson*, 477 U.S. at 256.

"A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002); *see* Fed. R. Civ. P. 56(c). If the moving party meets its initial burden of showing the absence of a material and triable issue of fact, the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).

### III. Discussion

**A. Price's motion for summary judgment is denied.**

Price brings a § 1983 claim against Sims, alleging a violation of his Fourth and Fourteenth amendment rights, alleging his arrest was unlawful because there was no probable cause to arrest him, or to conduct a post-arrest search of his apartment or vehicle. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that (1) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or by the laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate remedy only if both elements are satisfied. As the moving party in his motion for summary judgment, Price must demonstrate, based on admissible evidence, that the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party as to disputed material facts. *Celotex Corp.*, 477 U.S. at 323; *Orr*, 285 F.3d at 773.

### 1. Price fails to meet this burden to show Sims lacked probable cause to arrest him.

"'[P]robable cause' to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979).

The only evidence proffered by Price, other than the allegations in the complaint and arguments in his summary judgment motion, is a one-page police report summarizing his arrest on July 27, 2019. ECF No. 79 at 23. The police report alone is insufficient to carry Price's burden to support his claims. *See Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000) (holding that a moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial). The police report offered by Price shows that Sims arrested Price on an outstanding fugitive warrant out of New York state. ECF No. 79 at 23. Sims provided the teletype verifying Price's outstanding warrant, as well as his response to Price's Request for Admission where he states that LVMPD received information that Price had outstanding warrants from Cattaraugus and Erie Counties in New York State. *See* Def.'s Ex. B, Warrant Teletype, ECF No. 80-2 at 2–3; Sim's Resp. to Price's Req. for Admis., ECF No. 80-5 at 4. This is sufficient to give Sims probably cause to arrest Price.

Price argues summary judgment should be granted in his favor because Sims did not provide a copy of Price's outstanding warrant(s). But in order to be granted summary judgment in his favor, Price has to meet his burden showing it is warranted by submitting admissible evidence in support of his motion; allegations alone are not sufficient to meet this burden. *See Morgan v. Peninsula Corridor Joint Powers Bd.*, 2014 WL 231136, at *2 (N.D. Cal. Jan. 21, 2014) (citing *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001). Price fails to carry this burden.

1    Courts have long held "that arrest and detention pursuant to teletype, computer, or verbal notification of an arrest warrant satisfy the Fourth Amendment's proscription against unreasonable seizures. *Waller v. Drago*, 611 F. Supp. 405, 409 (D. Or. 1985) (citing *United States v. Roper*, 702 F.2d 984, 988–89 (11th Cir. 1983) (officer had probable cause to arrest when relying on radio communication for National Crime Information Center of warrant to defendant's arrest) and *Ruiz v. Craven*, 425 F.2d 235, 236 (9th Cir. 1970) (finding for arresting officer where the officer did not have arrest warrant in hand but had been informed through official channels of its existence)); *see also United States v. Shaughnessy*, 2023 U.S. Dist. LEXIS 77817, at *17 (N.D. Tex. May 4, 2023) (citing *Roper*, 702 F.2d at 989 ("officer had probable cause to arrest where officer radioed NCIC and learned of warrant"). Consequently, Price fails to show that Sims violated a right, privilege, or immunity secured by the Constitution or by the laws of the United States, so his motion for summary judgment for his claim related to his arrest is denied.

### 2. Price fails to meet this burden to show Sims participated in alleged post-arrest conduct.

Further, there is no evidence that a post-arrest search of Sims' apartment or car ever occurred, nor is there any evidence that Sims was involved in any way with Price's booking or extradition processing. Price's argument rests on allegations alone, which is insufficient at this stage. And, in response to Price's Request for Admissions, Sims denied involvement in the alleged unlawful collection of Price's DNA and his extradition process. *See* Resp. to Price's Req. for Admis., Def.'s Ex. D, ECF No. 80-4 at 9–11 ("[Sims] was not involved in your extradition process...."); 11–12 ("[Sims] was not involved in your DNA sample collection...."). To be liable for causing the deprivation of a constitutional right, each defendant must commit an affirmative act, or omit to perform an act he or she is legally required to do, which causes the plaintiff's deprivation of rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

As the plaintiff, Price must establish facts showing that Sims participated in or directed the alleged violation or knew of the violation and failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Price fails to show there was a post-arrest search of Price's apartment or car, or that Sims was involved at all in his booking process, the alleged unlawful collection of his DNA,[3] or his extradition processing, so his motion for summary judgment on those claims are denied. Thus, Price fails to provide the court with sufficient admissible evidence to meet his burden showing summary judgment in his favor is warranted. As a result, Price's motion for summary judgment is denied in its totality.

      **B.  Sims is entitled to qualified immunity so his motion for summary judgment is granted.**

In § 1983 actions where individuals officers are sued for allegedly having violated a constitutional right, the question is often whether the officer is entitled to qualified immunity. The Supreme Court has repeatedly told courts…not to define clearly established law at a high level of generality, *City and Cnty. of San Francisco v. Sheehan*, 575 U.S. 600, 613 (2015) (quotation marks omitted), because such immunity "is effectively lost if a case is erroneously permitted to go to trial." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). In other words, qualified immunity provides "ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 335 (1986).

"In § 1983 actions, qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Sampson v. Cnty. of Los Angeles*, 974 F.3d 1012, 1018 (9th Cir. 2020) (quoting *Pearson*, 555 U.S. at 231). "Clearly established" means that the statutory or constitutional question was "beyond debate," such that every reasonable official would understand that what he is doing is unlawful. *See District of Columbia v. Wesby*, 583 U.S. 48,

---

[3] This is included in case Price believes Sims is the LVMPD doe defendant employee involved in his DNA collection.

62 (2018); *Vos v. City of Newport Beach*, 892 F.3d 1024, 1035 (9th Cir. 2018). Relevant case law "does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *White v. Pauly*, 580 U.S. 73, 79 (2017) (cleaned up). The court may evaluate the qualified immunity prongs in any order. *Felarca v. Birgeneau*, 891 F.3d 809, 815–16 (9th Cir. 2018).

In the Ninth Circuit, if a defendant affirmatively raises qualified immunity as a defense, the plaintiff bears the burden of demonstrating that both prongs are met. *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 946 (9th Cir. 2017). Price fails to meet that burden here. As discussed above, Price fails to show that his arrest based on his outstanding New York warrant was a violation of his constitutional rights. Further, there is no evidence that a post-arrest search of Price's apartment or car occurred, or that Sims was involved in Price's booking process, the alleged unlawful collection of Price's DNA, or Price's extradition processing. Thus, there is no violation of clearly established statutory or constitutional right, so Sims is entitled to qualified immunity.

## IV. Conclusion

IT IS HEREBY ORDERED that Sims' motion for summary judgment **[ECF No. 74]** is **GRANTED**. The Clerk of Court is directed to enter judgment in favor of defendant Cameron Michael Sims.

IT IS FURTHER ORDERED that Price's motion for summary judgment **[ECF No. 79]** is **DENIED**.

Dated: August 16, 2024

_____
Cristina D. Silva
United States District Judge